**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

_____

In Re:                                              Case No:  17-00027-jwb
                                                    Chapter 7 Proceeding
Stephen J. Hatch,                                   Filed:  January 4, 2017

    *Debtors.*

_____/

SUMMERFALL GROUP, LLC,

    *Plaintiff,*

v.                                                  APN:_____

Stephen J. Hatch

    *Defendant.*

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

  **NOW COMES,** Creditor Summerfall Group, LLC ("Summerfall" or "Plaintiff"), by and through its counsel, Keller & Almassian, PLC and files this Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523 (the "Complaint") and states the following:

### I.  PRELIMINARY STATEMENT

  1. Plaintiff files this Complaint seeking an Order from the Court declaring that the debt that Stephen J. Hatch (the "Debtor") owes to Plaintiff is nondischargeable pursuant to 11 USC §§ 523 (a)(2), (a)(4), and (a)(6).

  2. The Debtor is liable to Plaintiff for an aggregate amount of $541,289.80, plus accrued interest, arising from an action litigated in the United States District Court for the District of Idaho (the "District Court Action"), Case No. 1:14-CV-00402-REB.  Judgment was granted in favor of Plaintiff in that matter by Memorandum Decision and Order on June 15, 2016 (the "Judgment") (the District Court Judgment is attached as **Exhibit A**).

3.      Further, in relation to the debt owed in the Judgment, Debtor has pled guilty to a Class 2 Felony for Fraudulent Schemes and Artifices in the State of Arizona.  The debt owed to Plaintiff via the Judgment and as referenced in this Adversary Proceeding was incurred as a part of a fraudulent scheme engineered by Debtor.

4.      Debtor's guilty plea was officially accepted by the Maricopa County Court, Arizona, on March 20, 2017, and Debtor will be formally sentenced on June 9, 2017; case number CR2017-005-444-001 (see Criminal Complaint, Plea Agreement, and Notice of Plea Agreement attached as **Exhibit B**).

## II.  JURISDICTION AND VENUE

5.      This Court has jurisdiction over this adversary proceeding pursuant to 28 USC § 1334.  This adversary proceeding is a "core" proceeding to be heard by the Bankruptcy Court pursuant to 28 USC § 157(b)(2)(i).

6.      Venue is proper in this Court under 28 USC § 1409.

## III.  GENERAL ALLEGATIONS

7.      Plaintiff is an Idaho limited liability corporation duly registered and in good standing with the state of Idaho, with its principal place of business located at 4306 W. Catalpa Drive, Boise, Idaho, 83703.

8.      Debtor is an individual who filed a chapter 7 bankruptcy proceeding with this Court, believed to be residing at 6809 Birchwood Drive, Kewadin, Michigan, 49648.

9.      On January 4, 2017, Debtor filed the above captioned voluntary petition for chapter 7 relief.

### Plaintiff Induces Funds From Summerfall

10.      In 2007, Plaintiff agreed to loan Debtor $500,000 as part of what Debtor described as a commercial real estate investment opportunity located in Arizona (the "Loan").  It would eventually be learned that this commercial real estate investment was in fact a fraudulent scheme perpetrated by Debtor and at least one other individual.

11.     On October 20, 2007, Debtor executed a Pledge Note in favor of Plaintiff to which Plaintiff loaned Debtor $500,000.00 (Pledge Note attached as **Exhibit C**).  Rather than providing for interest payments on the loan, Debtor described a scenario in which return on investment on the use of the loan was to be realized through the proceeds from sale and subsequent development of Debtor's pledged ownership interest of 3.5% in the approximately 40 acre commercial real estate project commonly referred to as the Anthem Project (also known as PLNU-B-SCIENCE, LLC).

12.      The Pledge Note guaranteed payment to Plaintiff of the $500,000.00 loan principal no later than October 1, 2010.  Defendant personally guaranteed the Pledge Note's obligations.

13.     The Pledge Note also granted a security interest in favor of Plaintiff in 3.5% of the total member interest in PLNU-B-SCIENCE-B, LLC.

14.     Debtor also assigned to Plaintiff the proceeds of 3.5% of the total member interest in PLNU-B-SCIENCE-B, LLC, a Texas limited liability company.  Pursuant to the Pledge Note, the PLNU-B-SCIENCE-B, LLC member proceeds were not personally guaranteed by Debtor, but were secured only by Debtor's 8% total member interest in PLNU-B-SCIENCE-B, LLC.

15.     The Pledge Note's security was memorialized in a Pledge Agreement executed between Debtor and Plaintiff.  The Pledge Agreement memorializes both Plaintiff's security interest in 3.5% of the total member interest in PLNU-B-SCIENCE-B, LLC, as well as the assignment by Debtor to Plaintiff of the proceeds of 3.5% of the total member interest in PLNU-B-SCIENCE-B, LLC (copy of Pledge Agreement attached as **Exhibit D**).

<u>Debtor's Fraudulent Scheme</u>

16.     Based on Debtor's representations and promises of some future payment, Plaintiff worked with the Debtor to extend the maturity date of the Pledge Note on numerous occasions. The Debtor made an arrangement with Plaintiff to buy time through a series of interest payments, which were made for a short time.  Eventually these payments ceased and despite many promises and explanations, Debtor refused to pay any additional amounts due.

17.     Non-payment continued and formal complaint was filed in Federal District Court for the District of Idaho on September 19, 2014. Twenty one months later, on June 15, 2016, the

Court granted summary judgment on behalf of the Summerfall Group in the amount of $500,000 plus interest and fees (see Exhibit A).

18.     During this process, it was learned that the real estate investment opportunity presented to Plaintiff had in fact been a fraudulent scheme designed and perpetrated by Debtor, and at least one other individual.

19.     It has now been determined that between May 1, 2005 and October 1, 2015, Debtor had been engaged in a scheme or artifice to defraud and knowingly obtain a benefit by means of false or fraudulent pretenses, representations, promises and material omissions.

20.     Specifically, Debtor was operating a ponzi-like real estate investment scheme. As part of this scheme, Debtor purported to earn income for the investors in amounts that were partially or wholly fictitious, make payments or purport income to various investors from amounts that other investors invested in the fraudulent arrangement, and without the investors' knowledge, appropriated significant amounts of the investors' cash.

21.     Debtor learned that the funds they paid to Debtor were used as part of this fraudulent scheme.

22.     Debtor has now pled guilty to criminal charges reflecting this scheme and will soon be sentenced in the State of Arizona (see Exhibit B).

## IV.  CAUSES OF ACTION

### COUNT I – Non-Dischargeability Under 11 USC § 523(a)(2)(A)

1.     Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth fully herein.

2.     Pursuant to 11 USC § 523(a)(2)(A):

> A discharge under Section 727 … of this title does not discharge an individual debtor from any debt -- … (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

3.     Debtor obtained money from Plaintiff through false representations.

4.     In order to induce Plaintiff to invest the funds in question, Debtor made false representations of material fact to the Plaintiffs by claiming the project was adequately

capitalized and that Debtor had the capability and the intent to raise the necessary money to develop and run the project, when instead the alleged investment was part of an ongoing ponzi-like scheme designed to induce funds from Plaintiff and similarly situated investors.

5.      Debtor made false representations to Plaintiff as to his and the project's resources.

6.      Debtor made false representations to Plaintiff with the intention of inducing Plaintiff to invest funds with him.

7.      At the time Debtor made the false representations to Plaintiff, Debtor knew or had reason to know he would not be able to comply with its terms.

8.      Debtor knew at the time he made the false representations to Plaintiff that they were false and were made with intent to deceive Plaintiff.

9.      Plaintiff entered into the agreement with Debtor and paid the funds in question in reliance on the false representations made by Debtor.

10.      Debtor fraudulently and without authority misappropriated the $500,000 loan proceeds for his personal use in the fraudulent scheme for which he has since been indicted and to which he has pled guilty in the State of Arizona.

11.      Plaintiff has suffered damages and incurred significant expense related to this debt.

12.      Debtor's false representations to Plaintiff were made with gross recklessness as to their truth, in order to induce Plaintiff to pay money.

13.      Debtor's false representations to Plaintiff constitute actual fraud.

14.      Plaintiff justifiably relied on Debtor's false representations.

15.      As a direct and proximate result of Debtor's fraudulent conduct, as of the date of this Adversary Proceeding, Debtor owes Plaintiff at least $541,289.80, plus all accrued interest, costs and other fees allowed by law.

16.      The Judgment (defined above) represents a debt incurred by Debtor and owing to Plaintiff that was obtained from Plaintiff by false pretenses, one or more false representations and/or actual fraud.

WHEREFORE, Plaintiff requests that this Court:

A.      Award Plaintiff a money judgment against Debtor in the amount of at least $541,289.80, plus all interest, costs and fees allowed by law;

B.       Determine that Debtor's debts to Plaintiff, plus all accrued interest, costs and other fees allowed by law, is nondischargeable under 11 USC § 523(a)(2)(A); and

C.       Grant such other, further or different relief as this Court deems just and equitable.

### COUNT II – Non-Dischargeability Under 11 USC § 523(a)(4)

17.       Plaintiff incorporates by reference the allegations set forth in paragraph numbers 1 through 16, above, as though fully set forth herein.

18.       Pursuant to 11 USC § 523(a)(4):

> A discharge under Section 727 … of this title does not discharge an individual debtor from any debt -- … (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

19.       The Judgment represents a debt incurred by Debtor and owing to Plaintiff that was obtained from Plaintiff by means of actual fraud.

20.       Debtor, by misappropriating Plaintiff's funds, knowingly, wrongfully and with willful and malicious intent, obtained control over Plaintiff's property.

21.       Debtor exercised his control over Plaintiff's funds with the intent to permanently deprive Plaintiff of the benefit of said property.

22.       As a result of Debtor's fraudulent action which resulted in the payment of funds to Debtor, Plaintiff was able to obtain a Judgment against Debtor.

23.       As a result, the Judgment is non-dischargeable under 11 USC § 523(a)(4).

WHEREFORE, Plaintiff requests that this Court:

A.       Award Plaintiff a money judgment against Debtor in the amount of at least $541,289.80, plus all interest, costs and fees allowed by law;

B.       Determine that Debtor's debts to Plaintiff, plus all accrued interest, costs and other fees allowed by law, is nondischargeable under 11 USC § 523(a)(4); and

C.       Grant such other, further or different relief as this Court deems just and equitable.

### COUNT III – Non-Dischargeability Under 11 USC § 523(a)(6)

24.       Plaintiff incorporates by reference the allegations set forth in paragraph numbers 1 through 23, above, as though fully set forth herein.

25.     Pursuant to 11 USC § 523(a)(6):

> A discharge under Section 727 … of this title does not discharge an individual debtor from any debt -- . . . (6) for the willful and malicious injury by the debtor to another entity or the property of another entity.

26.     Debtor's misrepresentations to Plaintiff which induced them to invest its money were willful and malicious.

27.     Debtor's misappropriation and conversion of Plaintiff's funds as described in this Complaint was willful and malicious.

28.     As a direct and proximate result of Debtor's willful and malicious injury to Plaintiff, Debtor owes Plaintiff at least $541,289.80, plus all accrued interest, costs and other fees allowed by law.

WHEREFORE, Plaintiff requests that this Court:

A.     Award Plaintiff a money judgment against Debtor in the amount of at least $541,289.80, plus all interest, costs and fees allowed by law;

B.     Determine that Debtor's debts to Plaintiff, plus all accrued interest, costs and other fees allowed by law, is nondischargeable under 11 USC § 523(a)(6); and

C.     Grant such other, further or different relief as this Court deems just and equitable.

Respectfully submitted,

Dated:   April 18, 2017          By:   /s/Greg J. Ekdahl
                                        A. Todd Almassian (P55467)
                                        Greg J. Ekdahl (P67768)
                                        Keller & Almassian, PLC
                                        230 East Fulton Street
                                        Grand Rapids, MI 49503
                                        (616) 364-2100
                                        ecf@kalawgr.com